**PENNSYLVANIA SCHOOL BOARDS ASSOCIATION, INC., Petitioner,**

v.

**PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM, Respondents.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1995.
Decided May 18, 1995.

---

FRIEDMAN, Judge.

The Pennsylvania School Boards Association, Inc. (PSBA) appeals from an order of the Public School Employees' Retirement Board (Board) granting Alvin Goldberg one year of service credit for the 1976–77 school year pursuant to section 8302 of the Public School Employees' Retirement Code (Retirement Code)[1] and 22 Pa.Code § 213.2(a)(1).[2] We reverse.

Goldberg was a full-time salaried school employee of the Pennsbury School District (District) when, during the 1976–77 school year, he and other teachers engaged in a lawful strike for twenty-nine days. The collective bargaining agreement ending the strike provided, in part, that teachers were to work no more than 163 of the 184 school days originally scheduled for the 1976–77 school year. In addition, teachers were to be paid $\frac{1}{184}$ of their salaries for each day worked, up to 163 days.

The District subsequently reported to the Pennsylvania School Employees' Retirement System (PSERS) that its teachers worked 163 days during the 1976–77 school year. PSERS credited Goldberg with .91 years of service for the year[3] and, as of June 30, 1989, Goldberg had 29.91 years of service credit in the retirement system.

Goldberg then filed a request with PSERS for a full year of retirement credit for the 1976–77 school year. Goldberg based his request on 22 Pa.Code § 213.2(a)(1), which gives a full-time salaried employee one year of service credit for 1,100 hours of employment, and on the fact that he worked a total

Stephen S. Russell, Chief Counsel, for petitioner.

Charles K. Serine, Counsel In Charge, for respondent.

Before SMITH and FRIEDMAN, JJ., and KELTON, Senior Judge.

1. Section 8302(a) of the Retirement Code, 24 Pa.C.S. § 8302(a) (emphasis added), states in pertinent part:

(a) **Computation of credited service.**—In computing credited school service of a member for the determination of benefits, *a full-time salaried school employee* shall receive one year of credit for each school year or the corresponding fraction thereof, *in accordance with the proportion of the full school year for which the required regular member contributions have been made. A per diem or hourly school employee* shall receive one year of credited service for each nonoverlapping period of 12 consecutive months in which he is employed and for which contributions are made for at least 180 full-day sessions *or 1,100 hours of employment....*

2. 22 Pa.Code § 213.2(a)(1) (emphasis added) states in pertinent part:

(1) A *full-time salaried employe* shall receive one year of credited service for each nonoverlapping period of 12 consecutive employable months for which he contributes for at least 180 full-day sessions *or 1100 hours of employment....*

3. PSERS divided the 163 school days that Goldberg worked by 180, which is the minimum number of school days in a school year under section 1501 of the Public School Code, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 15–1501.

of 1,222.5 hours during the 1976–77 school year.[4] PSBA filed a petition to intervene, which the Board granted, and a hearing was held before a hearing examiner.

The hearing examiner made findings of fact and concluded that Goldberg is entitled to a full year of retirement credit for the 1976–77 school year. PSBA and PSERS filed exceptions with the Board, which adopted the findings of the hearing examiner and concluded that Goldberg is entitled to a full year of retirement credit for the 1976–77 school year under 22 Pa.Code § 213.2(a)(1). PSBA appeals to this court.

On appeal,[5] PSBA argues that the Board erred by granting Goldberg a full year of retirement credit under 22 Pa.Code § 213.2(a)(1) because the regulation is contrary to section 8302 of the Retirement Code, the enabling statute, and is therefore invalid. We agree.

Section 8302(a) of the Retirement Code states that a full-time salaried school employee, like Goldberg,[6] "shall receive one year of credit for each school year *or* the corresponding fraction thereof, *in accordance with the proportion of the full school year for which the required regular member contributions have been made.*" 24 Pa.C.S. § 8302(a) (emphasis added). Here, Goldberg made the required regular member contributions for only 163 days of the full school year. Thus, Goldberg is entitled to service credit for the corresponding fraction of the full school year.[7]

The regulation, on the other hand, states that a full-time salaried employee, like Goldberg, "shall receive one year of credited service for each [school year during] ... which he contributes for at least ... 1100 hours of employment." 22 Pa.Code § 213.2(a)(1). Here, Goldberg worked and made contributions for 1,222.5 hours during the 1976–77 school year. Under the regulation, Goldberg is thus entitled to one year of service credit. This result is clearly contrary to the one reached via the formula articulated in the enabling statute; therefore, we conclude that the regulation is invalid. *Consulting Engineers Council of Pennsylvania v. State Architects Licensure Board,* 522 Pa. 204, 560 A.2d 1375 (1989).

Accordingly, we reverse.[8]

## ORDER

AND NOW, this 18th day of May, 1995, the order of the Public School Employes' Retirement Board, dated September 20, 1994, is reversed.

---

4. Under the collective bargaining agreement, a work day consisted of seven and one-half hours (7½ hours per day × 163 days worked = 1,222.5 hours per school year).

5. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Christiana v. Public School Employes' Retirement Board,* 166 Pa.Commonwealth Ct. 300, 646 A.2d 645 (1994).

6. It is undisputed that Goldberg is a "full-time salaried school employee." (R.R. at 152a.)

7. We note that, by statute, a full school year must have at least 180 pupil days. *See* section 1501 of the Public School Code, 24 P.S. § 15–1501. The collective bargaining agreement here states that "[t]he school year shall consist of no more than 180 pupil days and 184 teacher days." (R.R. at

58a.) Under the collective bargaining agreement, Goldberg was paid 1/184 of his salary for each of the 163 he days worked, whereas in calculating Goldberg's service credit, PSERS divided the 163 days Goldberg worked by 180. However, we have not been asked to address this discrepancy. Thus, we have limited our discussion to whether 1,100 hours of work entitles Goldberg to a full year of service credit.

8. PSBA also contends that the regulation is inconsistent with 22 Pa.Code § 213.2(a)(6), which provides:

(6) Notwithstanding any of the limitations set forth in paragraphs (1) through (5) of this subsection, employes who may be on strike shall *not* be eligible for any credited service during a strike period *unless* the days or hours lost by virtue of the strike are actually served and compensation paid.

22 Pa.Code § 213.2(a)(6) (emphasis added). Because of our disposition of the first issue, we need not address this argument.